**GMAC Mortgage Corporation v. Jennas**

*Joseph P. Schalk,* for plaintiff.
*John P. O'Boyle,* for defendant.

ZULICK, *J.,* December 29, 2010—This matter is before the court for trial of a mortgage foreclosure action. The non-jury trial was scheduled for December 10, 2010. The parties presented a written stipulation of facts and exhibits in lieu of presenting testimony and have filed briefs. The facts of the case are as follows:

1. Defendant, Sharmilla Jennas, formerly Sharmilla

Doodnauth, purchased the property at 20 Chatham Hill Road, Reeders, Pa. 18352 (hereinafter the "property"), on February 14, 2001 from Raintree Enterprises, Inc. for $296,057.00, as evidenced by the deed recorded February 16, 2001 in the recorder of deeds for Monroe County at instrument no. 200113333.

2. Before Ms. Jennas purchased the home, the property was appraised by Dominick Stranieri to have a market value of $312,000.00.

3. Ms. Jennas, entered into a purchase money mortgage with U.S. Mortgage Corporation in the amount of $266,400.00. The note that accompanied the purchase money mortgage had a 9.75 percent interest rate and this sum was payable in equal, consecutive, monthly installments of principal and interest of approximately $2,215.78.

4. The Jennases obtained an appraisal of the property from Thomas Bruneo on May 27, 2001, which found the market value of the home to be $243,500.00.

5. The parties stipulated to the admission of a copy of the Bruneo appraisal as defendant's Exhibit D-1.

6. The appraisal completed by Thomas Bruneo clearly states, in part, "This appraisal may not be used in support of a loan."

7. In early 2002, the Jennases applied for a refinancing of the purchase money mortgage with plaintiff GMAC Mortgage Corporation dba Ditech.com (GMAC).

8. At no time during the refinancing process did the Jennases advise GMAC of the Bruneo appraisal or its finding.

9. On March 25, 2002, the Jennases made, executed and delivered a mortgage on the property, which mortgage was recorded in the recorder of deeds of Monroe County on May 16, 2002 in book 2122, page 840.

10. The parties stipulated to the admission of the certified copy of the mortgage as plaintiff's Exhibit P-1.

11. On March 25, 2002, Sharmilla Jennas executed a promissory note in favor of GMAC in the principal sum of $266,400.00. This sum was payable in monthly installments of principal and interest of approximately $1,727.87. The interest rate was fixed at 6.75 percent by the terms of the note.

12. The parties stipulated to the admission of the copy of the note as GMAC's Exhibit P-2.

13. By virtue of refinancing, the Jennases realized an immediate reduction in their monthly mortgage payments of $487.91.

14. Defendant Sharmilla Jennas transferred title of the property to defendants, Delano Jennas and Sharmilla Jennas, by deed recorded May 16, 2002 in the recorder of deeds for Monroe County at instrument no. 200219600.

15. GMAC did not perform a new appraisal of the property at the time of refinancing as one was not required for the refinancing pursuant to the underwriting guidelines

as they existed at that time. GMAC relied upon the appraisal of the home completed by Dominick Stranieri.

16. Mortgage Electronic Registrations Systems, Inc. as nominee for GMAC delivered an assignment of mortgage to GMAC, which assignment was recorded with the recorder of deeds of Monroe County on March 7, 2007 in Book 2298, Page 4935.

17. The parties stipulated to the admission of the certified copy of the assignment to GMAC mortgage corporation as plaintiff's exhibit P-3.

18. Defendants' last mortgage payment in the amount of $1,804.92 was made on September 1, 2003 and applied to the September 2003 contractual mortgage payment.

19. GMAC did not proceed with its complaint in mortgage foreclosure for a period in excess of two years due to the pending investigation and subsequent litigation against Dominick Stranieri and Raintree Homes, Inc. by the office of the attorney general for the commonwealth of Pennsylvania.

20. During this time, the office of the attorney general attempted to facilitate a resolution between the parties. Further, the office of the attorney general encouraged the defendants to "set aside" funds intended for mortgage payments.

21. Defendants failed to set aside any significant amount of funds intended for mortgage payments.

22. At the time plaintiff filed its complaint in mortgage

foreclosure, the notice provisions of Act 6 of 1974 did not apply to this action because the original principal balance of the mortgage exceeded $50,000.00.

23. At the time plaintiff filed its complaint in mortgage foreclosure, the notice provisions of Act 91 of 1983 did not apply to this action because the account was more than twenty-four (24) months delinquent.

24. Plaintiff sent defendants a notice of intention to foreclose on August 23, 2006.

25. The defendants acknowledge receipt of the notice of intention to foreclose letter sent by plaintiff.

26. The mortgage is due for October 1, 2003 payment, a period in excess of seven years.

27. GMAC has paid on behalf of the Jennases all local taxes (county, school), hazard insurance and mortgage insurance without reimbursement.

28. The amount of the debt owed plaintiff by defendants is $461,763.35 which does not include preparation for trial.

29. The judgment sought in the amount of $461,763.35 is broken down as follows:

| | |
|---|---|
| Principal Balance | $262,320.21 |
| Interest from 9/1/03 through | |
| 12/31/10  at $48.51 per diem | 129,828.19 |
| Accumulated late charges | 493.94 |

| | |
|---|---|
| Attorney fees | 5,560.00 |
| Attorney costs | 778.50 |
| Escrow Advances | 60,989.01 |
| Property Inspections/BPO | 1,193.50 |
| Property Preservation | 600.00 |
| TOTAL | $461,763.35 |

30. The parties have made numerous attempts to find a resolution of the default through some means of loss mitigation, including but not limited to repayment agreements, loan modification and a possible sale of the property.

31. All loss mitigation efforts to date have been unsuccessful.

## DISCUSSION

GMAC seeks a judgment in mortgage foreclosure in this suit. In an action for mortgage foreclosure, the entry of judgment is proper if the mortgage is in default, the mortgagors have failed to pay interest on the obligation, and the recorded mortgage is in the specified amount. *Landau v. Western Pennsylvania National Bank*, 445 Pa. 217, 225, 282 A.2d 335, 340 (Pa. 1971).

The Jennases gave their mortgage in a specific amount and at a specific rate of interest. The mortgage has been recorded in the office of the recorder of deeds of Monroe County. The Jennases have defaulted on the payments due under the mortgage and they have failed to pay principal

or interest on their obligation since 2003. The Jennases do not dispute the amount of the judgment; they assert fraud and equitable estoppel as affirmative defenses to the foreclosure.

The Jennases allege in new matter that GMAC secured and used a fraudulent property appraisal to inflate the value of the property. Sharmilla Jennas bought the property from Raintree Enterprises, Inc. for $296,057.00 on February 14, 2001. She obtained a purchase money mortgage from U.S. Mortgage Corporation in the amount of $266,400.00. Ms. Jennas obtained her own appraisal from Thomas Bruneo on May 27, 2001, which valued the property at $243,500.00.

Ms. Jennas refinanced her property on March 25, 2002 through GMAC. She did not disclose the results of the Bruneo appraisal to GMAC. The GMAC mortgage was for the principal sum of $266,400.00. GMAC did not obtain an appraisal before providing the mortgage loan. Instead, it used the Stranieri appraisal to support its loan. GMAC contends that "underwriting guidelines at that time did not require plaintiff to obtain a new appraisal." GMAC brief, p.8. The refinance reduced the monthly payment on the Jennas loan by $487.91 per month.

Pennsylvania law does not support the Jennases' claim. "Ordinarily, there is no duty on the part of a lender to inspect the mortgaged property to determine that the borrower is obtaining that which he may have been promised by the vendor or that which he believes he is obtaining. Unless some further obligation is assumed, the lender's inspection

of the premises to be mortgaged is made only to ascertain whether the property has sufficient value to secure the loan and is made by the lender for its benefit only." *Federal Land Bank of Baltimore v. Fetner*, 410 A.2d 344, 348 (Pa. Super. 1979). Thus, GMAC had no duty to the Jennases to obtain a new appraisal. In addition, the Jennases had obtained their own appraisal after the Stranieri appraisal was done by their first lender. This appraisal showed that their property was worth less than the mortgage loan they sought from GMAC. Despite this knowledge, the Jennases proceeded to obtain the GMAC refinance, and didn't advise GMAC of their lower appraisal. They obtained the benefit of the refinancing, and lowered their monthly mortgage payment by $487.91.

The elements of common law fraud include 1) a misrepresentation; 2) a fraudulent utterance thereof; 3) an intention by the maker that a recipient will thereby be induced to act; 4) justifiable reliance by the recipient upon that misrepresentation; 5) damage to the recipient due to the misrepresentation. *Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 296 (3d Cir. 1991). The Jennases contend that GMAC committed fraud because it relied on the Stranieri appraisal. However, there is nothing in the record to suggest that GMAC was aware that the Stranieri appraisal was fraudulent. There is evidence that the Jennases had that knowledge, due to their own independent appraisal. Thus the Jennases argument fails because they have not shown that GMAC made an intentional misrepresentation, and they have not shown justifiable reliance on a misrepresentation.

The Jennases have also claimed that GMAC is estopped from foreclosing the mortgage. This argument fails for similar reasons. To prove equitable, estoppel, the complaining party must establish the following:

1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; 2) reliance upon the conduct of the party estopped; and 3) action based thereon of such a character as to change his position prejudicially. *Cheltenham National Bank v. Snelling*, 326 A.2d 557 (Pa. Super. 1974)

The Jennases did have knowledge of the value of their property before they obtained the loan from GMAC. Despite that knowledge, the proceeded to obtain the GMAC loan and benefitted from the lower monthly payment.

Judgment in rem will be awarded to GMAC.

## DECISION

And now, December 29, 2010, after consideration of the stipulated facts in this matter and the parties briefs, it is ordered that a decision is entered in favor of plaintiff GMAC pursuant to P.R.C.P. 1038 as follows:

| | |
|---|---|
| Principal balance | $262,320.21 |
| Interest from 9/1/03 through | |
| December 28, 2010 at $48.51 | |
| per day | 129,682.66 |
| Accumulated late charges | 493.94 |

| Attorney fees | 5,560.00 |
| Attorney costs | 778.50 |
| Escrow Advance | 60,989.01 |
| Property inspections | 1,193.50 |
| Property maintenance | 600.00 |
| Total | $461,617.82 |